**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Dr. Terence K. Howse,                                         Case No. 3:14CV00544

        Plaintiff

        v.                                                        **ORDER**

Owens-Illinois, Inc., et al.,

        Defendants

      This is an Employee Retirement Income Security Act (ERISA), Age Discrimination in

Employment Act (ADEA), and breach of contract case.

      Plaintiff sues his former employers, Owens-Illinois (O-I) and Owens-Brockway Glass

Container, Inc. (Owens-Brockway). Plaintiff alleges defendants denied him pension plan benefits

in violation of ERISA, 29 U.S.C. §§ 1132(a)(3) & 1140 and the ADEA, 29 U.S.C. § 621, *et seq*. He

bases his breach of contract claim on Ohio common law, asserting Owens-Brockway violated the

parties' consulting agreement.

      Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1367(a).

      Pending is defendants' motion to dismiss plaintiff's claims. (Doc. 10). For the following

reasons, I grant the motion.

**Background**

In 1990, plaintiff began working for ACI Operations Pty. Ltd. (ACI), an Australian affiliate of O-I. In 2001, plaintiff transferred as an expatriate employee to Owens-Brockway, a wholly-owned United States subsidiary of O-I.[1]

While employed at ACI and Owens-Brockway, plaintiff was a member of ACI's pension plan, the O-I Australian Superannuation Fund (Superannuation Fund).

Plaintiff remained on expatriate assignment until June, 2006, when he accepted a full-time position with O-I in Perrysburg, Ohio. At that point, plaintiff became an O-I regular salaried employee on a U.S. payroll.

When plaintiff accepted the assignment, O-I set out the terms of his employment in an offer letter: "In light of the unique circumstances of your transfer, O-I will allow you to continue your participation in the O-I Australian Superannuation Fund. In addition, the Company will continue to make a contribution…as if you had remained an employee of ACI Operations Pty Ltd." (Doc. 1, Complaint ¶ 7). Consequently, plaintiff continued his enrollment in the Superannuation Fund throughout his employment at O-I as a regular U.S. salaried employee.

The letter did not offer plaintiff enrollment in the Owens-Illinois Salary Retirement Plan (O-I Plan). The O-I Plan Summary Plan Description (O-I Plan SPD) explicitly stated the O-I Plan closed to new entrants on January 1, 2005. Plaintiff did not join O-I until June, 2006, at which point the O-I Plan had been closed to new entrants for over a year.

Although plaintiff never enrolled in the O-I Plan, New York Life, a third-party

---

[1] Plaintiff argues the court should disregard defendants' Exhibits 1, 2, 5, and 9 when considering defendants' motion to dismiss. I disagree. Each of the exhibits directly relate to plaintiff's claim for O-I Plan benefits, and, therefore, properly "fill[] in the contours and details of the plaintiff's complaint." *Yeary v. Goodwill Industries-Knoxville*, 107 F. 3d 443, 445 (6th Cir. 1997).

investment company, made a coding error that allowed plaintiff to log into its website and run benefits estimates as if he were a participant. As a result of the error, plaintiff also received a copy of the O-I Plan's SPD.

On July, 16, 2012, plaintiff submitted an application for O-I Plan benefits. In a letter to plaintiff on September 20, 2012, O-I's Defined Pension Supervisor denied the application. The letter explained the O-I Plan had already closed to new entrants when plaintiff became a U.S. salaried employee, and, as an alternative, O-I had allowed plaintiff to continue participating in the Superannuation Fund.  The letter pointed out that the information plaintiff saw on New York Life's website resulted from New York Life coding error.

Two months later, on November 30, 2012, plaintiff voluntarily retired from O-I.

In conjunction with his retirement,  on August 15, 2012, plaintiff entered into an Agreement for Consulting Services (Consulting Agreement) with Owens-Brockway. Under the Agreement, Owens-Brockway could request that plaintiff continue to perform services on its behalf.

The terms of the Consulting Agreement allowed, absent a breach by either party, Owens-Brockway to terminate it at any time on two weeks prior written notice.

On November 19, 2012, Owens-Brockway sent plaintiff a letter terminating the Consulting Agreement:  this "will serve as notice, in keeping with the terms of the Agreement for Consulting Services…that [Owens-Brockway] is terminating without liability the Agreement." Owens-Brockway made no indication that the letter served as a notice of immediate termination.

After exhausting his administrative appeals at O-I to receive O-I Plan benefits, Plaintiff

3

brought this suit. He asserts four separate causes of action.

In counts one and two of the complaint, plaintiff states defendants violated ERISA §§ 502(a)(3) & 510 when it denied him O-I Plan benefits.

Count three alleges defendants discriminated against plaintiff on the basis of age in violation of the ADEA, 29 U.S.C. § 621.

Finally, in count four, plaintiff asserts Owens-Brockway breached the Consulting Agreement by terminating the agreement without two weeks notice.

## Discussion

Defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint, arguing: 1) plaintiff does not have standing as a participant in a defined benefits plan to bring claims under ERISA §§ 502(a)(3) & 510; 2) plaintiff fails to plead facts showing his ADEA claim is plausible on its face; and 3) plaintiff has not provided any plausible allegations showing how Owens-Brockway breached the notice provision in the Consulting Agreement..

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).When reviewing a motion to dismiss, I construe the complaint in the light most favorable to the plaintiff and accept all well-pled allegations as true. *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F. 3d 493, 501 (6th Cir. 2007).

The *Iqbal* court set out a two-step analysis to determine whether a plaintiff has met the plausibility standard. *Supra,* 556 U.S. at 678.

First, I disregard conclusory statements in the complaint that amount to no more than "[t]hreadbare recitals of the elements of a cause of action." *Id*. A plaintiff's obligation "to provide

4

the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Second, I review the remaining allegations, assume their veracity, and assess "whether they plausibly give rise to an entitlement of relief." *Id.* at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal, supra*, 556 U.S. at 678.

### A. ERISA Claims

Plaintiff asserts ERISA claims under §§ 502(a)(3) & 510. ERISA § 502(a)(3) allows a participant in a benefits plan to seek equitable relief for a defendant's breach of a fiduciary duty. 29 U.S.C. § 1132(a)(3); *Varity Corp. v. Howe*, 516 U.S. 489, 511 (1996). ERISA § 510 prohibits an employer from interfering with "any right to which the employee may become entitled." 29 U.S.C. § 1140; *Crawford v. TRW Automotive*, 560 F.3d 607, 613 (6th Cir. 2009).

Plaintiffs enforce both types of claims through 29 U.S.C. § 1132, which limits civil actions under ERISA to participants, beneficiaries, or fiduciaries of a defined benefits plan. 29 U.S.C. §1132(a)(3); 29 U.S.C. § 1140. To have standing to sue, plaintiffs therefore must demonstrate they fall into one of the three designated categories. *Shahid v. Ford Motor Co.,* 76 F. 3d 1404, 1410-11 (6th Cir. 1996). Here, plaintiff seeks relief as a plan participant.

A former "employee has standing as a 'participant' where, but for a fiduciary's alleged misrepresentations or breaches, the employee 'would have been in a class eligible to become a member of the plan.'" *Shahid, supra,* 76 F. 3d at 1410-11 (citing *Swinney v. General Motors Corp*., 46 F. 3d 512, 518 (6th Cir. 1995)).

In this case, plaintiff was never in a class eligible to become a member of the O-I Plan, regardless of defendants' actions.

The O-I Plan was only open to O-I regular, U.S. payroll salary employees on U.S. payroll. On January 1, 2005, the O-I Plan closed to new entrants. Plaintiff did not join Owens-Illinois as a salaried, U.S. employee until June 1, 2006. By that time, the O-I Plan had been closed to new entrants for a year and a half.

Plaintiff was never, and could never have become, a "participant" in the O-I Plan. As such, plaintiff lacks standing to bring claims under ERISA § 502(a)(3) and § 510.

### B. Age Discrimination Claim

In addition to his ERISA claims, plaintiff also argues defendants, in violation of the ADEA, denied him O-I Plan benefits because of his age.

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

Absent direct evidence of age discrimination, a plaintiff can establish his claim through circumstantial evidence using the *McDonnell Douglas* burden-shifting framework. *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 510 (6th Cir. 2004) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 (1973)).

For a *prima facie* circumstantial case of age discrimination, a plaintiff must show: 1) membership in a protected class; 2) an adverse employment action; 3) he was qualified for the

job; and 4) a similarly-situated person outside of the protected class was treated differently. *Barnes v. GenCorp*., 896 F.2d 1457, 1465 (6th Cir. 1990).

At the pleading stage, a plaintiff need not prove a *prima facie* case of discrimination. *Keys v. Humana*, 684 F.3d 605, 609 (6th Cir. 2012).The plaintiff, nevertheless, must still plead facts showing the discrimination claim has facial plausibility. *Id*. at 610.

Plaintiff alleges defendants' denial of O-I Plan benefits violated the ADEA. But his complaint merely states, "younger, similarly situated employees and former employees were treated more favorably in that they retained their benefits." (Doc. 1, Complaint, ¶ 41).

This is nothing but a legal conclusion unsupported by factual allegations. Plaintiff has not named other similar situated employees. Plaintiff also has failed to plead any facts showing he suffered an adverse employment action.

Plaintiff asserts O-I's decision to deny him O-I Plan benefits qualifies as an adverse employment action. Plaintiff contends New York Life's coding error entitles him to benefits.

Plaintiff tries to jump over the first step – his entitlement to O-I Plan benefits as a member in the O-I Plan. But O-I and Owens-Brockway never enrolled him in the O-I Plan. When plaintiff joined O-I as a U.S. salaried employee, the O-I Plan had already closed to new entrants. In light of this, defendants permitted plaintiff to continue participating in the Superannuation Fund.

Because plaintiff never had any rights under the O-I Plan, the defendants could not, and did not, engage in an "adverse employment action" by informing plaintiff after his voluntary retirement that he still had no O-I Plan benefits.

I therefore grant defendant's motion to dismiss plaintiff's ADEA claim.

### C. State Breach of Contract Claim

To establish a breach of contract, plaintiff must show: 1) the existence of a contract; 2) performance by the plaintiff; 3) nonperformance by the defendant; and 4) damages or loss as a result of the breach. *See, e.g., McDonald v. Canton Med. Edn. Found.*, 995 N.E.2d 1216, 1221 (Ohio Ct. App. 2013).

Plaintiff alleges defendant Owens-Brockway breached the Consulting Agreement by terminating the agreement without the requisite two-week notice. I disagree.

Under the Consulting Agreement's express terms, Owens-Brockway reserved the right to terminate the agreement at-will provided that it gave plaintiff two weeks notice.

Plaintiff claims Owens-Brockway declared immediate termination of the Consulting Agreement in its letter of November 19, 2012. Plaintiff, however, has not provided any plausible allegations to show how the letter called for "immediate termination."

Instead, Owens-Brockway wrote, "[t]his agreement will serve as notice, in keeping with the terms of the Agreement for Consulting Services…that [Owens-Brockway] is terminating without liability the Agreement." (Doc.10-7). Nothing in the letter states Owens-Brockway states the agreement ends forthwith. Rather, it states Owens-Brockway is terminating plaintiff's services in keeping with the Consulting Agreement's terms — terms that provide the defendant is giving plaintiff two weeks notice.

Plaintiff has failed to plead any facts suggesting defendant breached the Consulting Agreement's notice requirement or any of its other provisions. I dismiss plaintiff's breach of contract claim.

### D. Plaintiff's Motion for Leave to Amend the Complaint

Plaintiff also asks, if I grant the motion to dismiss, I grant leave to amend any deficient parts of his complaint.

8

Federal Rule of Civil Procedure 15(a) states a court should grant leave to amend when justice so requires. *La. Sch. Employees' Ret. Sys.v. Ernst & Young, LLP*, 622 F. 3d 471, 486 (6th Cir. 2010). However, a "party seeking leave to amend must file a motion stating its grounds for amending the complaint with particularity." *Brown v. Whirlpool Corp*., 966 F. Supp. 2d 623, 647 (N.D. Ohio 2014) (*citing Evans v. Pearson Enter.,* 434 F.3d 839, 853 (6th Cir. 2010)). "A bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought… does not constitute a motion within the contemplation of Rule 15(a)." *La. Sch. Employees' Ret. Sys., supra*, 622 F.3d at 486.

Absent a proper motion and any reasons as to why I should grant leave to amend, I decline plaintiff's offhand request.

## Conclusion

For the reasons set forth above, it is

ORDERED THAT: defendants' motion to dismiss (Doc. 10) be, and the same hereby is granted.

So ordered.

<u>/s/ James G. Carr</u>
Sr. U.S. District Judge

9